# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| MAJEED KAREEN SORANY | § | |
| | § | |
| V. | § | CASE NO. 4:16CV637 |
| | § | (Judge Mazzant/Judge Nowak) |
| COMMISSIONER OF SOCIAL | § | |
| SECURITY ADMINISTRATION | § | |

## MEMORANDUM REJECTING IN PART REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On January 19, 2018, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that the decision of the Administrative Law Judge be affirmed.

The Court, having made a *de novo* review of the objections raised by Plaintiff, and noting that the Commissioner did file a response to Plaintiff's objections, finds as follows:

Plaintiff's objection is that the Magistrate Judge erred in concluding the ALJ did not improperly discount the examining physician's opinion when determining Plaintiff's residual functional capacity. In rejecting the treating physician opinions, the ALJ gave significant weight to Dr. Doyne's opinion. Plaintiff asserts that despite giving Dr. Doyne's opinions significant weight, the ALJ failed to include Dr. Doyne's opinion that Plaintiff needed to change positions frequently and that he was unable to tolerate long plane flights or rugged or uneven terrain. The Magistrate Judge found that this alleged error was harmless. The Court disagrees that this is harmless and did not impact Plaintiff's substantial rights. It is possible that Plaintiff's inability to travel long distances could preclude his past work as an interpreter as it is normally performed in the national economy.

Since the ALJ did not include these limitations or explain why these limitations were not included in Plaintiff's residual functional capacity, the case must be remanded for further consideration of these additional limitations found by Dr. Doyne. If the ALJ determines that these limitations are part of Plaintiff's residual functional capacity, the ALJ should consider whether Plaintiff can perform his past relevant work as normally performed in the national economy. The Commissioner's response to the objections makes arguments that should be considered by the ALJ in deciding these issues. Plaintiff's objection should be sustained.

For the reasons set forth herein, the Court hereby rejects in part the findings and conclusions of the Magistrate Judge, as the findings and conclusions of this Court. It is therefore

**ORDERED** that the case is **REMANDED** for further review pursuant to sentence four.

**IT IS SO ORDERED**.

SIGNED this 13th day of March, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE